UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR 06-50-01 S
:
CHRISTIAN RIVERA-PICA :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant Christian Rivera-Pica ("Defendant") is in violation of the terms of his supervised release and, if so, for a recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was conducted on October 6, 2006. At that time, Defendant, both personally and through counsel, waived a violation hearing and admitted that he had violated the terms of his supervised release. Based on that admission, I find that Defendant has violated supervised release. For the reasons stated herein, I recommend that Defendant be imprisoned for six (6) months to be followed by eighteen (18) months supervised release with the special condition that he participate in substance abuse counseling and drug testing as described below.

**Background**

On November 12, 2003, Defendant appeared before the Honorable Juan M. Perez-Jimenez, United States District Judge for the District of Puerto Rico, after pleading guilty to one count of conspiracy to distribute narcotics. Judgment of 11/12/03 at 1. Defendant was sentenced to thirty-seven months imprisonment to be followed by three years of supervised release. Id. at 2-3.

As special conditions of release, if any drug test samples detected substance abuse, Defendant was directed to participate in a substance abuse treatment program arranged and approved by the U.S. Probation Office until duly discharged by such program with the approval of the Probation Office. In addition, Defendant was ordered to provide the Probation Officer with access to any financial information upon request and to submit his person, residence, office, or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Id. at 4. A special assessment of $100 was also imposed. Id. at 5.

Supervised release commenced on June 14, 2005, with an expiration date of June 13, 2008. Supervised Release Violation Report (the "Report") at 1. On March 23, 2006, jurisdiction was transferred from the District of Puerto Rico to the District of Rhode Island. Id. On or about August 2, 2006, U.S. Probation Officer Clara King ("U.S.P.O. King") initiated a Petition for Warrant for Offender under Supervision (the "Petition"), alleging that Defendant had violated the conditions of his supervised release. See Petition at 1. In response to the Petition, U.S. District Judge William E. Smith on August 8, 2006, ordered the issuance of a warrant. Id. at 3.

**The Violation**

The Report alleges that Defendant has violated the following condition of supervisions in the manner indicated:

**Standard Condition: While on probation, Defendant shall not commit another federal, state, or local crime.**

**1.** On April 3, 2006, Defendant committed the offense of driving with a suspended license, as evidenced by his arrest by the Providence Police Department on that date and his conviction in Sixth Division District Court on April 4, 2006.

According to the Providence Police, on April 3, 2006, Defendant was observed making a left turn without using his directional signal, and his vehicle had an unreasonably loud muffler. After stopping his vehicle, Defendant informed the Providence Police that his driver's license had been suspended. He appeared in Sixth Division District Court on April 4, 2006, pled guilty to driving with a suspended licence, and was sentenced to one year probation with court costs.

**2.** On June 30, 2006, Defendant committed the offenses of simple assault and larceny under $500, as evidenced by his arrest by the Providence Police Department on that date and his conviction in Sixth Division District Court on July 18, 2006.

As to this violation, on June 30, 2006, the Providence Police responded to a robbery of a green Next bicycle that occurred at Merino Park in Providence. The owner of the bicycle, who was injured, stated that he knew the subject responsible and provided a description. A few minutes later, Defendant was observed riding the bicycle through Merino Park. After attempting to flee, he was arrested and charged with larceny under $500 and simple assault on Ignacio Belmont, his ex-girlfriend's father. Defendant appeared in Sixth Division District Court on July 18, 2006, and pled nolo contendere to both charges. He was sentenced to one year probation on both counts. As special conditions of probation, he was ordered to have no contact with Mr. Belmont and to pay $93.50 in court costs.

**Condition #6: Defendant shall notify the Probation Officer at least ten days prior to any change in residence.**

Efforts to contact Defendant on July 21, 2006, at his last reported place of residence, 282 Hartford Avenue, Apartment #4, Providence, Rhode Island failed. The occupant of the residence disclosed that Defendant no longer resides there.

Regarding this violation, Defendant has failed to provide

the U.S. Probation Department with his new address. Prior to his June 30, 2006, arrest, he informed U.S.P.O King that he was residing with his stepbrother, Sammy Mateo, at 282 Hartford Avenue, Apartment #4, in Providence. Attempted home visits on July 21, 2006, and July 27, 2006, after his release from state custody were unsuccessful. U.S.P.O. King was informed by the occupant of the apartment that Defendant does not reside at that address and that the occupant does not know Defendant or his whereabouts.

**Condition #11: Defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

On June 30, 2006, Defendant was arrested by the Providence Police Department and charged with simple assault and larceny under $500. (This was the incident involving Mr. Belmont and the theft of the Next bicycle.) As of the date of the Petition, he had failed to notify the Probation Department of his arrest.

As to this violation, Defendant has failed to notify the Probation Department of his arrest by the Providence Police on June 30, 2006. Records show that he was released from the Adult Correctional Institutions in Cranston, Rhode Island into the community on July 18, 2006, after his conviction for simple assault and larceny under $500. Defendant has failed to contact the Probation Office since June 27, 2006.

**Travel**

On August 8, 2006, a warrant was issued per Judge Smith's order. Defendant was subsequently arrested in the Eastern District of Wisconsin and transferred to the District of Rhode Island to answer to the Petition. Defendant appeared before this Magistrate Judge on October 6, 2006. At that time Defendant was advised of the Petition and of the grounds for the alleged violation. Defendant, both personally and through counsel,

waived a violation hearing and admitted to the violations. This admission satisfied the Court that there was an adequate basis for finding that Defendant had violated the conditions of supervision. After receiving sentencing recommendations from both the Government and the defense, the Court stated that it would adopt the joint recommendation of the Government and defense counsel.

**Law**

**Statutory Provisions**

Section 3583(e)(2) of Title 18 of the United States Code ("U.S.C.") provides that if the court finds a defendant to be a violator of the conditions of supervised release, the court may extend the term of supervised release if less than the maximum authorized term was previously imposed and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Fed. R. Crim. P. relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision. In this case, a three-year term of supervised release was previously imposed, but the statute authorizes up to a life term. Therefore, the term can be extended without limitation.

Pursuant to § 3583(e)(3) of Title 18 of the U.S.C., the court may, after considering certain statutory factors set forth in § 3553(a), revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Fed. R. Crim. P. applicable to revocation of supervised release, finds by a preponderance of the evidence that

the defendant violated a condition of supervised release. However, a defendant whose term is revoked under this paragraph may not be required to serve more than two years in prison if the offense that resulted in the term of supervised release was a class C felony. Here Defendant was on supervision for a Class C felony. Thus, he may not be required to serve more than two years imprisonment upon revocation.

Section 3583(h) of Title 18 of the U.S.C. provides that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release (here three years), less any term of imprisonment imposed upon revocation of supervised release. See id. In this case, the authorized statutory maximum term of supervised release is life.

**Sentencing Guidelines**

Section 7B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") provides for three grades of violations. Section 7B1.1(a) of the U.S.S.G. states that a Grade A violation consists of (A) conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Conduct consisting of any other offense punishable by a term of imprisonment exceeding one year constitutes a Grade B violation. Conduct constituting an offense punishable by a term of imprisonment of one year or less, or violation of any other

condition of supervision, is classified as a Grade C violation. Section 7B1.1(b) provides that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade. Here, Defendant has committed a Grade C violation.

Pursuant to §7B1.3(a)(2) of the U.S.S.G., upon a finding of a Grade C violation, the court may revoke, extend, or modify supervision. Since Defendant has committed a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision.

Should the court find that Defendant has committed a Grade B or C violation, §7B1.3(c)(1) states that where the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e) for any portion of the minimum term. Should the court find that Defendant has committed a Grade B or C violation, §7B1.3(c)(2) states that where the minimum term of imprisonment determined under §7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision, which allows for alternatives for any portion of the minimum term, applies to this matter.

According to §7B1.3(d), any restitution, fine, community

confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under §7B1.4. In this case, there are no unsatisfied conditions.

Section 7B1.3(g)(2) of the U.S.S.G. provides that where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. See id. (citing 18 U.S.C. § 3583(h)). Here, the authorized statutory maximum term of supervised release is life. Therefore, the Court may impose up to a life term of supervised release.

Pursuant to §7B1.4(a) of the U.S.S.G., the criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision. In this instance, Defendant had a criminal history category of I at the time of sentencing. The Revocation Table contained in §7B1.4(a) of the U.S.S.G. provides that, for a Grade C violation with a criminal history category of I, an imprisonment range of three to nine months is warranted.[1]

Section 7B1.5(b) of the U.S.S.G. states that, upon

---

[1] The Court of Appeals for the First Circuit has held that Chapter 7 policy statements (including §7B1.4) are advisory rather than mandatory. See United States v. Ramirez-Rivera, 241 F.3d 37, 40 (1st Cir. 2001); United States v. O'Neil, 11 F.3d 292, 302 n.11 (1st Cir. 1993).

revocation of supervised release, no credit shall be given toward any term of imprisonment ordered for time previously served on post-release supervision.

## Disposition

### Recommendations By Government and Defense

The Government recommended that Defendant be imprisoned for six months to be followed by eighteen months supervised release with the special condition that he participate in either inpatient or outpatient substance abuse treatment as approved by the Probation Department, with up to seventy-two drug tests per year to determine whether Defendant has reverted to the use of drugs and/or alcohol. Defense counsel endorsed the Government's recommendation.

### Court's Recommendation

The Court finds the joint recommendation of the Government and defense counsel to be appropriate. Accordingly, the Court adopts that recommendation.

## Conclusion

After considering the various factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that Defendant be imprisoned for six (6) months to be followed by eighteen (18) months supervised release with the special condition that he participate in substance abuse counseling and drug testing as described above.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st

Cir. 1980).

DAVID L. MARTIN
United States Magistrate Judge
October 17, 2006